UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin R. Boston Gladden,<br>*aka Kevin Gladden*<br>*aka Kevin R. Gladden,*<br><br>Plaintiff,<br><br>vs.<br><br>The State Mental and Vocal Authorities Per-Se Bad Villians;<br>Scott, and<br>Kirkland Law Enforcement,<br><br>Defendants. | ) C/A No. 9:08-4147-JFA-BM<br><br><br><br><br>) Report and Recommendation |

This is a civil action filed *pro se* by a Plaintiff who seeks to Proceed *In Forma Pauperis*. (Entry 2). The case is presently before the undersigned magistrate judge for a report and recommendation following the required pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff appears to be or have been a mental patient, possibly previously confined in correctional facilities in New York state and/or South Carolina state mental and/or penal institutions under a court order entered at some undisclosed time and place. He names several facilities (Clinton CF, Coxsakie CF, and Elmira CF) within the body of his Complaint that are listed on the NY state website as correctional facilities. *See* http://www.docs.state.ny.us/faclist.html. Further, one of his named Defendants, "Kirkland Law Enforcement", might be a reference to the South Carolina state prison in Columbia named Kirkland Correctional Institution, although this is not clear. Plaintiff





claims that he is a "prisoner of South Carolina," but provides an address for himself that is not the known address of any state of South Carolina prison or mental institution.

Plaintiff asserts that he does not agree with the medical and/or psychological treatment he is currently receiving wherever he is located, claiming that he is "being poisoned." Plaintiff names "The State Mental and Vocal Authorities per se Bad Villians, Scott, and Kirkland Law Enforcement" in the caption of his Complaint as his Defendants, and he wants damages from the Defendants and also their arrests.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case pursuant to 28 U.S.C. § 1915 (as amended), other provisions in the Prison Litigation Reform Act, in light of the following precedents: *Denton v. Hernandez,* 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus,* 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a





federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Such is the case here.

In order to state a claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page,* 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under

---

[1]The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

[2]Plaintiff's Complaint is properly before this Court pursuant to 42 U.S.C. § 1983 because it appears to assert violations of Plaintiff's constitutional rights by state action. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).





42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in section 1983 actions. *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262, *1 (D. Conn. Feb 09, 2000); *Ferguson v. Morgan*, No. 90 Civ. 6318, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991).

In this case, two of the Defendants: "State Mental and Vocal Authorities per se Bad Villians" and "Kirkland Law Enforcement" do not satisfy the "person acting under color of state law" requirement of § 1983 under the applicable case law. The names of these Defendants indicate that Plaintiff is attempting to use a collective term to cover numerous persons and/or entities, which is the equivalent of use of the term "staff" for a defendant, which was specifically found to be insufficient under § 1983 in *Martin v. UConn Health Care*, 2000 WL 303262, *1 , *Ferguson v. Morgan*, 1991 WL 115759, and *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008). Therefore, these Defendants are entitled to summary dismissal.

Additionally, the Complaint is subject to summary dismissal as to Defendant "Scott" because, following a careful review of the Complaint and the attachments thereto, there are absolutely no allegations contained in the Complaint against this Defendant. Although Plaintiff writes about many problems he claims are of longstanding with other persons, agencies, and institutions, there is no mention of anyone named "Scott" anywhere in the pleading, other than in its caption in the location provided for the names of all defendants. (Entry 1, at 1). In absence of





substantive allegations of wrongdoing against the named Defendant, there is nothing from which this Court can liberally construe any type of viable cause of action arising from the Complaint.[3] Hence, since there are no specific allegations of any wrongdoing on the part of "Scott," Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs*., 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ*., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

**RECOMMENDATION**

Accordingly, based on the analysis above, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

January 20, 2009
Charleston, South Carolina



[3] It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at1278; *Gordon v. Leeke*, 574 F.2d at 1151.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

